# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim Action No. 09-218 |
| ) | |
| BRANDON PIPER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Brandon Piper's "Motion to Dismiss Counts 1-4 of the Indictment" pursuant to Fed.R.Crim.P. 12(b)(2) on the basis that this Court lacks jurisdiction to entertain these counts. [Doc. #34]. For the reasons set forth below, Defendant's Motion to Dismiss is denied.

In support of his Motion to Dismiss, Defendant argues that: (1) the Government's theory is that Piper aided and abetted in the distribution of heroin to the decedent, EB when he jointly purchased the heroin with EB from Amber Barger for their personal use of the drug; (2) under the facts of the case Piper cannot be convicted of aiding and abetting in the distribution because he lacked the mens rea/actus reas necessary to be so convicted; and (3) therefore, this Court lacks jurisdiction and must dismiss the Indictment:

> Liability for aiding and abetting someone else in the commission of a crime requires the specific intent of facilitating the crime; mere knowledge of the underlying offense is not sufficient for conviction. Thus, in order for jurisdiction to exist, the defendant must not only have known of the crime but have acted with the specific intent to aid its commission with an interest in furthering the unlawful conduct of the principal. A defendant is entitled to be excused from a criminal charge under Title 18 United States Code, Section 2 unless it is shown that he "joined the specific venture and shared in it, and that his efforts contributed to its success."

> Piper simply cannot be convicted of aiding and abetting the distribution of heroin to EB in this case and Counts 1 through 4 of the Indictment given his complete lack of mens rea/actus reas at these counts and counts 1-4 of the indictment should be dismissed for lack of jurisdiction.

Defendant's Motion to Dismiss, pp. 6-7 (citations omitted).

In response, the Government argues that Defendant's motion must be denied for two reasons: "First, Piper is procedurally barred from raising his claim before trial. Second, on the merits, Piper misstates the government's theory of liability." Government's Response to Defendant's Motion to Dismiss Counts One Through Four of the Indictment, p. 1.

Fed.R.Crim.P.12(b)(2) addresses pretrial motions in criminal cases that may (as opposed to must) be filed before trial and states: "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Id. In United States v. DeLaurentis, 230 F.3d 659 (3d Cir. 2000), the Third Circuit Court of Appeals explained that:

> [u]nless there is a stipulated record, or unless immunity issues are implicated, a pretrial motion to dismiss an indictment is not a permissible vehicle for addressing the sufficiency of the government's evidence. Federal Rule of Criminal Procedure 12(b)(2) authorizes dismissal of an indictment if its allegations do not suffice to charge an offense, but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges.

Id. at 660-61. Rather, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29.

Defendant's Motion to Dismiss requires us to address whether under his explanation of the Government's theory of liability in this case, such a theory of liability can support a

conviction of Mr. Piper for aiding and abetting the distribution of heroin to EB. Such an analysis would require the Court to address the sufficiency of the Government's evidence. As explained in the DeLaurentis decision, this we cannot do at this juncture in the proceedings. Defendant's Motion to Dismiss Counts 1-4 of the Indictment is denied.

An appropriate Order follows.

June 17, 2010

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge