IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim Action No. 09-218 |
| BRANDON PIPER, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Brandon Piper's "Motion for a Bill of Particulars." [Doc. #35]. For the reasons set forth below, Defendant's Motion for a Bill of Particulars is denied.

In his Motion, Defendant requests that the Government provide him with the following additional information pursuant to Fed.R.Crim.P. 7(f): (1) the identity of the individual known to the Grand Jury whom the Defendant is alleged to have aided and abetted in conjunction with the distribution of heroin to EB; (2) what the Defendant allegedly did to aid and abet the distribution of heroin to EB; and (3) the identity of any individuals the Defendant allegedly conspired with in connection with this matter and the general parameters of any such conspiracy. Defendant's Motion for a Bill of Particulars, p. 1.

Fed.R.Crim.P. 7(f) governs a criminal defendant's request for a bill of particulars and provides that:

> [t]he court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f). In U.S. v. Urban, 404 F.3d 754 (3d Cir.), cert den'd, 546 U.S. 730 (2005), the United States Court of Appeals for the Third Circuit explained:

> A bill of particulars is a "formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor [.]" Black's Law Dictionary 177 (8th ed.2004). The purpose of a bill of particulars is "to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." [U.S. v.]Addonizio, 451 F.2d [49,] 63-64 [(3d Cir.1972)]. Only where an indictment fails to perform these functions, and thereby "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial[,]" United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir.1989) (citing Addonizio, 451 F.2d at 62-63), will we find that a bill of particulars should have been issued.

Id. at 771-772.

A bill of particulars is akin to an indictment in that both are designed to limit the government's case. U.S. v. Smith, 776 F.2d 1104, 1111 (3d Cir.1985). It is not designed, however, to provide a defendant with the "fruits of the government's case." Id. Therefore, a defendant may not use a bill of particulars as a wholesale discovery tool, though a defendant may not be denied legitimate information simply because that information would divulge government witnesses or details of the government's evidence. Addonizio, 451 F.2d at 64. However, where a defendant has access to information being relied upon by the government to construct its case, the case for granting a bill of particulars is significantly weakened. Urban, 404 F.3d at 772.

Granting a motion for a bill of particulars is a discretionary matter for this Court. Id. We must "balance the defendant's interest in securing information concerning the government's case [with] other countervailing considerations which may result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so." U.S. v. Rosa, 891 F.2d 1063, 1067 (3d Cir. 1989). An indictment is considered sufficient if it substantially

2

follows the language of the criminal statute, so long as it is not too general as to prejudice a defendant in preparing his defense or endanger his constitutional guarantee against double jeopardy. U.S. v. Eufrasio, 935 F.2d 553, 575 (3d Cir.), cert. den'd sub nom, 502 U.S. 925 (1991).

Regarding his first request, in its Response to Defendant's Motion to Dismiss Counts One Through Four of the Indictment ("Government's Response to Defendant's Motion to Dismiss"), the Government explained that the individual whom Mr. Piper is alleged to have aided and abetted in conjunction with the distribution of heroin to EB is Amber Barger. See Government's Response to Defendant's Motion to Dismiss, p. 6 ("(1) Barger, the principal, knowingly and intentionally distributed heroin to Brandler; and (2) at the time of this distribution, Barger knew the heroin she distributed was a controlled substance."). Reading the Indictment in conjunction with the information stated in the Government's Response to Defendant's Motion to Dismiss, we find that the Defendant has been provided sufficient notice of who is the person he is alleged to have aided and abetted in distributing heroin to EB so as to adequately prepare a defense. Therefore, to the extent Defendant's Motion for a Bill of Particulars is based on Mr. Piper's request for the identity of the individual known to the Grand Jury whom the Defendant is alleged to have aided and abetted in conjunction with the distribution of heroin to EB, the Defendant's Motion for a Bill of Particular is denied.

Regarding his second request, that the Government provide a recitation of what the Defendant allegedly did to aid and abet the distribution of heroin to EB, we turn again to the Government's Response to Defendant's Motion to Dismiss. In this Response, the Government explained its theory of liability with respect to the Defendant, said theory being that "Piper's

3

words, his actions, and his history with Barger were essential in facilitating the distribution of heroin from Barger to [EB]." Government's Response to Defendant's Motion to Dismiss, p. 8. Again, reading the Indictment in conjunction with the information stated in the Government's Response to Defendant's Motion to Dismiss, we find that the Defendant has been provided sufficient notice of what he allegedly did to aid and abet the distribution of heroin to EB so as to adequately prepare a defense. Therefore, to the extent Defendant's Motion for a Bill of Particulars is based on his request that the Government provide a recitation of what he allegedly did to aid and abet the distribution of heroin to EB, Defendant's Motion for a Bill of Particulars is denied.

Finally, with respect to the Defendant's third request, that the Government provide the identity of any co-conspirators and the general parameters of the conspiracy, Defendant argues that: (1) the Government may seek to admit the statements of alleged co-conspirators under Fed.R.Evid. 801(d)(2)(E) and if it does, the Court would not be able to rule on the admissibility of such statements unless it knows in advance who are the co-conspirators as well as the general parameters of the conspiracy; and (2) the Government has yet to give particulars notice of its intention to offer evidence under Fed.R.Evid. 404(b) and the Court cannot conduct the admissibility analysis necessary under Rule 404(b) without knowing how the Defendant is allegedly guilty as an aider or abettor. Defendant's Motion for Bill of Particulars, pp. 3-4.

In response, the Government explains that it will not seek to admit any statements under Fed.R.Evid. 801(d)(2)(E) and it has not yet moved to introduce any Rule 404(b) evidence. Government's Response to Defendant's Motion for a Bill of Particulars, p. 5. Moreover, in its Response to Defendant Brandon Piper's Motion For Notice Pursuant to Rule 404(b), the

Government stated: "the government does not currently anticipate introducing any 404(b) evidence in its case-in-chief against Defendant Piper"and "[t]he government acknowledges defense's request for notice and its own obligation to provide such notice. Should the government change its current position and decide to file a motion to admit evidence under Rule 404(b), the government will provide a copy of its motion to defense counsel, thereby notifying him of the specific evidence at issue and the legal theory for the admissibility of such evidence." Government's Response to Defendant Brandon Piper's Motion For Notice Pursuant to Rule 404(b), p. 3.

Based upon the above-stated representations by the Government, there currently is no need for Defendant to be provided with the identity of any individuals the Defendant allegedly conspired with in connection with this matter and the general parameters of any such conspiracy. Therefore, Defendant's Motion for a Bill of Particulars is denied to the extent the motion is based on Mr. Piper's request for the identity of any individuals he allegedly conspired with in connection with this matter and the general parameters of any such conspiracy. If the Government later decides to introduce Rule 404(b) evidence, the Defendant may ask the Court to reconsider this part of his Motion for a Bill of Particulars.

An appropriate Order follows.

June 21, 2010

Maurice B. Cohill, Jr.
Senior District Court Judge