IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Crim Action No. 09-218 |
| | ) | |
| BRANDON PIPER, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Brandon Piper's "Motion to Transfer Counts 1-4 of the Indictment to the Western District of Pennsylvania for Trial Pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure" ("Motion to Transfer") [Doc. #39] and his "Motion to Sever Counts 5-8" ("Motion to Sever") [Doc. #36]. For the reasons set forth below, Defendant's Motion to Transfer and Motion to Sever are both denied.

**I. Defendant's Motion to Transfer.**

In support of his Motion to Transfer pursuant to Fed.R.Crim.P. 21(b), the Defendant argues: "[i]t would be in the interests of justice and in the interest of the parties to have counts 1-4 of the Indictment tried in the Western District of Pennsylvania, the sitting judicial and prosecuting bodies for the Middle District having indicated they could not impartially participate in the resolution of the matter and the matter therefore having been transferred to this Honorable Court for resolution and disposition." Defendant's Motion to Transfer, p. 2. In particular, Defendant contends "[w]hile it is conceded that the events in question arose in the Middle District and thus that some of the factors traditionally supporting transfer are inapplicable here, the Chief Judge of the United States Court of Appeals has already recognized the special need for this case

to be handled by parties outside the Middle District and it is axiomatic that the Chief Judge's decision to designate this case to for transfer is recognition that this case should not be physically tried in the Middle District of Pennsylvania." Id. at p. 4.

Rule 21(b) states: "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." Fed.R.Crim.P. 21(b). The factors to be considered in deciding a motion to transfer under Rule 21(b) were established in Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 84 S.Ct. 769 (1964). In Platt, the Supreme Court endorsed a ten-factor test for transfer of venue that the district court had applied. These ten factors are: (1) the location of the defendant, (2) the location of possible witnesses, (3) the location of events likely to be in issue, (4) the location of documents and records likely to be involved, (5) disruption of defendants' business unless the case is transferred, (6) expense to the parties, (7) location of counsel, (8) relative accessibility of the place of trial, (9) docket condition of each district or division involved, and (10) any other special elements which might affect the transfer. Id. at 243-44.

Examining the Platt factors in light of the facts of this case, we find that it would neither be in the interests of justice nor in the interest of the parties to have this matter transferred to the Western District of Pennsylvania ("the Western District"). To the contrary, upon consideration of the Platt factors, we find that it is in the interests of justice and in the interest of the parties that trial of this matter should occur in the Middle District of Pennsylvania ("the Middle District"). This conclusion is based upon the following: while defense counsel and this Court are located in the Western District, and the costs of defense counsel's travel expenses to the Middle District

2

will have to be borne by the United States, these facts are outweighed by the following factors that support the conclusion that the trial in this matter should take place in the Middle District. Specifically, the Middle District is where: (1) the defendant is located; (2) possible witnesses are located; (3) the events likely to be in issue are located; and (4) the documents and records likely to be involved are located. Additionally, the Middle District is an accessible place for the trial to be held. Finally, and perhaps most important, we have taken into consideration that the judges and the United States Attorney's office for the Middle District recused from all involvement in this case. However, we further conclude that the appointment of this Court pursuant to 28 U.S.C. § 292(b) to preside over the Defendant's case has solved any issue of partiality or conflict of interest;[1] trying this case in the Middle District as opposed to the Western District will have no effect on our impartiality; nor has there been any evidence that selection of impartial jurors who reside in the Middle District will be difficult.

Defendant's Motion to Transfer is denied.

## II. Defendant's Motion to Sever.

In support of his Motion to Sever, the Defendant argues "that a severance is necessary in this case in as much as the indictment is in clear violation of Rule 8 of the Federal Rules of Criminal Procedure and also violated the Defendant's right to be free from prejudicial joinder pursuant to Rule 14 of the Federal Rules of Criminal Procedure." Defendant's Motion to Sever, p. 1. More specifically, Defendant contends that Counts 5-8 of the Indictment are completely unrelated to the incident that underlies Counts 1-4 of the Indictment, that on or about August 18,

---

[1] See July 23, 2009 "Designation of District Judge for Service in Another District Within the Circuit" [Doc. #8] wherein Chief Judge Scirica assigned this member of the Court to preside over the case.

3

2007, the Defendant allegedly aided and abetted a drug distribution to EB, and "that the joinder of these two sets of counts will unfairly prejudice Piper under Rule 14(a) in the eyes of the jury inasmuch as Counts 5 through 8 are irrelevant and extremely prejudicial to the determination of whether Piper aided and abetted the distribution of heroin to EB, the use of that heroin allegedly resulting in EB's death." Id. at p. 2.

**A. Fed.R.Crim.P. 8.**

Rule 8(a) states: "[t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged--whether felonies or misdemeanors or both--are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed.R.Crim.P. 8(a).

We find that the offenses charged in Counts 1-4 and Counts 5-8 of the Indictment, all of which allege that the Defendant was involved in the distribution of drugs, "are of the same or similar character." Id. Therefore, the joinder of Counts 1-4 and Counts 5-8 in a single Indictment is proper and does not violate Fed.R.Crim.P. 8.

**B. Fed.R.Crim.P. 14.**

Rule 14 is titled "Relief from Prejudicial Joinder" and provides in relevant part: "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed.R.Crim.P. 14(a).

With respect to whether Counts 1-4 of the Indictment should be severed from Counts 5-8 of the Indictment, we conclude that such severance is not necessary. Certainly at trial we will give the jury explicit instructions to enable the jury to compartmentalize the evidence with

respect to each set of counts; for example, we will instruct the jury that each count charges a separate offense and that each has to be considered separately, without allowing the verdict on one count to affect the verdict on any other count. That said, Rule 14 instructs that "[i]f the joinder of offenses . . . in an indictment, appears to prejudice a defendant . . . the court may . . . provide any other relief that justice requires." Fed.R.Crim.P. 14(a). Upon consideration of the specifics of this case, we find that while we will not sever Counts 1-4 from Counts 5-8, "justice requires" that at trial Counts 1-4 of the Indictment will be bifurcated from Counts 5-8 of the Indictment, with the Defendant being tried first with respect to Counts 1-4 of the Indictment. This is a practice we have frequently and successfully implemented when faced with a defendant charged in a single indictment both with a drug offense and with being a felon in possession of a firearm. Moreover, such bifurcation will eliminate the Defendant's concerns that: (1) "the Government . . . will be able to put in evidence that the Defendant sold controlled substances after the fact of EB's death and suggest, if not outright argue, that in addition to being guilty of a drug delivery to EB . . . Piper should be convicted at counts 1 through 4 because Piper sold drugs and EB died as the result of drugs;" (2) "[w]hile the Court and the parties may be aware of the reality that users of heroin frequently sell small quantities of drugs to support an increasingly severe heroin addiction, the jury likely will not see it that way;" and (3) "[w]hile the legal case against Piper at counts 1-4 is non-existent, the legal case at counts 5-8 is very strong and Piper may very well be compelled to give up his Fifth, Sixth and Fifth [sic] Amendment trial rights and be forced to plead guilty at counts 5-8 if these counts are not otherwise severed to attempt to minimize the prejudice." Defendant's Motion to Sever, pp. 6-7.

    Defendant's Motion to Sever is denied.

5

## III. Conclusion.

An appropriate Order follows.

June 24, 2010

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
Senior District Court Judge